IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER ODEN,**

    Petitioner,

v.                                                                                                    Civil Action No. **3:16CV307**

**ERIC D. WILSON,**

    Respondent.

**MEMORANDUM OPINION**

Christopher Oden, a federal inmate proceeding *pro se*, has filed another meritless 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 1). As explained below, the § 2241 will be DISMISSED FOR LACK OF JURISDICTION.

On November 1, 2011, in the United States District Court for the Western District of Virginia ("Sentencing Court"), Oden pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See Oden v. United States*, Nos. 3:13–CV–93, 3:11–CR–56, 2014 WL 2462993, at *3 (N.D. W. Va. June 2, 2014). On June 2, 2014, the Sentencing Court denied a 28 U.S.C. § 2255 Motion filed by Oden. *Id.* at *1, *14. On January 11, 2016, this Court denied a 28 U.S.C. § 2241 Petition filed by Oden wherein he sought to challenge his conviction and sentence. *Oden v. Wilson*, No. 3:15CV196, 2016 WL 183469, at *2 (E.D. Va. Jan. 11, 2016) (concluding that "it is plain under the precedent in the United States Court of Appeals for the Fourth Circuit that Oden may not utilize 28 U.S.C. § 2241 to challenge his conviction or sentence").

In his present § 2241, Oden once again asserts that he is factually innocent. (§ 2241 Pet. 7–8.) As previously explained to Oden, the Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United*

States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). Oden fails to identify any change in the substantive law rendering his conduct noncriminal. Accordingly, the § 2241 Petition will be DISMISSED FOR LACK OF JURISDICTION.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/25/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

2